IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIMOTHY BYNUM, | ) | CIVIL NO. 12-00523 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING WITH |
| | ) | PREJUDICE DEFENDANT |
| vs. | ) | SHAYLENE ISERI-CARVALHO, |
| | ) | IN HER INDIVIDUAL CAPACITY |
| COUNTY OF KAUAI; SHEILA MIYAKE; SHAYLENE ISERI-CARVALHO, individually and in their professional capacities; DOE DEFENDANTS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**<u>ORDER DISMISSING WITH PREJUDICE DEFENDANT SHAYLENE ISERI-CARVALHO, IN HER INDIVIDUAL CAPACITY</u>**

**I. INTRODUCTION**

On September 19, 2012, Plaintiff Timothy Bynum ("Plaintiff"), a County of Kauai (the "County") Councilman, filed this action asserting that Sheila Miyake ("Miyake"), the County's supervising planning inspector, and Shaylene Iseri-Carvalho ("Carvalho"), the County prosecuting attorney, violated his civil rights when Miyake and Carvalho investigated and prosecuted Plaintiff for zoning law violations of his residence in an alleged attempt to chill his advocacy on the County Council and harm Plaintiff's chances of reelection. Plaintiff asserted claims for violation of Plaintiff's constitutional rights and state law claims against

the County, and Miyake and Carvalho in their individual and official capacities.

All Defendants except Carvalho in her individual capacity filed dispositive motions. *See* Doc. Nos. 62, 66, 72, 97, 112. On the eve of the hearing on these Motions, Defendants withdrew their Motions because a settlement had been reached. The settlement involved all parties except Carvalho in her individual capacity, who was not involved in settlement negotiations. *See* Doc. No. 165. Although Plaintiff proffered a stipulation for dismissal of the claims against Carvalho in her individual capacity, she refused to sign it because the dismissal was without prejudice and required Carvalho to bear her own attorneys' fees and costs. *Id.* at 7.

As a result, Plaintiff filed his Motion to Dismiss Complaint with Prejudice as to Carvalho in her Individual Capacity. Doc. No. 158. Plaintiff argues that he is satisfied with his compensatory recovery from the settlement with the other parties (including Carvalho in her official capacity), and that he need not proceed further against Carvalho in her individual capacity. Plaintiff therefore seeks a dismissal of Carvalho in her individual capacity with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In opposition, Carvalho explains that she wishes to proceed in this action to clear her name in the media and to recoup her attorneys' fees. Doc. No. 165. Based on the following, the court GRANTS

Plaintiff's Motion to Dismiss Carvalho in her individual capacity with prejudice.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals pursuant to court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)); *See also Stevedoring Servs. of Am.*, 889 F.2d at 921 ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the

3

defendant will not be prejudiced, or unfairly affected by dismissal." (citations omitted)). As *Smith* explains:

> "[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." [*Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)]. In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* at 96-97. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. [*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)].

263 F.3d at 975. Where a dismissal is with prejudice -- such that the claims cannot be reasserted -- it is less likely that the defendant will suffer any legal prejudice.[1] *Id.* at 976 ("That the district court here dismissed, with prejudice, the federal

---

[1] Other courts have suggested that a court lacks discretion to deny a motion to dismiss where a plaintiff seeks dismissal with prejudice and the rights of third parties are not affected. *See, e.g.*, *Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964) ("[N]o case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice."); *Wis. Bell, Inc. v. TCG Milwaukee, Inc.*, 301 F. Supp. 2d 893, 899 (W.D. Wis. 2002) ("When dismissal is with prejudice, the general rule is that the court lacks discretion to deny the motion for voluntary dismissal, although it may impose conditions on the dismissal." (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 at 318 (2d ed.1994)); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) ("[I]t is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice. Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it? . . . Suffice it to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.")

claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice . . . .").

Applying these principles, the court finds that Carvalho has utterly failed to establish legal prejudice if the court grants Plaintiff's Motion to Dismiss. Plaintiff seeks dismissal of Carvalho in her individual capacity because Plaintiff has already obtained adequate compensation from the other Defendants. The dismissal sought is with prejudice[2] -- meaning that there would be no possibility that Plaintiff could raise these same claims against Carvalho again either here or in another forum.

Further, Carvalho's arguments in opposition of the Motion to Dismiss do not establish legal prejudice. For example, Carvalho asserts that she wishes to proceed in this action because Plaintiff publicized his claims against Carvalho and a decision on the merits in her favor would assist in vindicating her name with the public. Carvalho asserts that she will "continue to live[] under a cloud of suspicion and doubt" until judgment is rendered in this action, and that granting Plaintiff's Motion to Dismiss will allow Plaintiff to "claim victory." Doc. No. 165, Carvalho Opp'n at 5. The court recognizes that both Plaintiff and Carvalho are political

---

[2] Carvalho mistakenly asserts that the Plaintiff seeks a dismissal without prejudice. *See* Doc. No. 165, Carvalho Opp'n at 2 n.1. The title of Plaintiff's Motion makes clear that he is seeking dismissal with prejudice.

5

figures on Kauai, and that Plaintiff's allegations in this action have played out in the media.  But such negative publicity and the lack of a decision on the merits does not amount to *legal* prejudice, and dismissal will not injure any actual legal right.  *See In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811, 822 n.8 (Bankr. C.D. Cal. 2001) ("[P]rejudice to one's career reputation does not constitute prejudice to a legal interest, legal claim or legal argument."); *See also Westlands*, 100 F.3d at 97 (determining that uncertainty over water rights if the matter remained unresolved was insufficient to constitute plain legal prejudice); *Watson v. Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989) ("[P]lain legal prejudice [does not] arise from defendant's missed opportunity for a legal ruling on the merits.").  Proceeding with this action would provide Carvalho no assurances that she would prevail in this action, much less regain standing in the public eye.

Carvalho also appears to argue that there is no prejudice if the parties proceeded on the Motions for Summary Judgment given that they were fully briefed and will not require much additional resources to address.  Doc. No. 165, Carvalho Opp'n at 8.  Carvalho ignores, however, that not only were the Motions for Summary Judgment withdrawn, but that Carvalho in her individual capacity did not file her own Motion for Summary Judgment.  Thus, contrary to Carvalho's argument, it would be unduly burdensome for both the court and Plaintiffs to sort through the various

Motions and determine what arguments *might* be applicable to Carvalho in her individual capacity. And allowing Carvalho to file her own Motion for Summary Judgment -- where Plaintiff has asserted that he has been adequately compensated by the settlement with the other parties -- would only cause *all* parties to expend needless additional resources to litigate Plaintiff's claims he no longer wishes to assert.

   Finally, Carvalho argues that if the court grants Plaintiff's Motion to Dismiss, the court should make an express finding that Plaintiff's claims were frivolous such that she is entitled to her attorneys' fees pursuant to 42 U.S.C. § 1988. The court rejects this argument as well. Rule 41(a)(2) does not on its own provide a basis for attorneys' fees -- the Ninth Circuit has explicitly held that "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97; *see also Rodriguez v. Serv. Emp. Int'l*, 2011 WL 4831201, at *3 (N.D. Cal. Oct.12, 2011) (denying defendants' request for costs as a condition of dismissal pursuant to Rule 41(a)(2) because plaintiffs stipulated to dismissal with prejudice and the case was "not exceptional"). As a result, numerous courts have held that payment of fees and costs should not be imposed as a condition for voluntary dismissal with prejudice. *See Chang v. Pomeroy*, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (collecting cases).

Nor has Carvalho established that she entitled to her fees pursuant to 42 U.S.C. § 1988, which provides that a prevailing civil rights defendant may recover fees only in "exceptional circumstances" when the plaintiff's claims are "frivolous, unreasonable, or groundless." *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012). A dismissal pursuant to Rule 41(a)(2) is not on the merits and nothing in the plain language of Rule 41(a)(2) suggests that Carvalho is the prevailing party.

And in any event, the court finds that Carvalho has failed to meet the § 1988 standard for attorneys' fees. Plaintiff claimed that Carvalho violated his civil rights by, among other things, improperly investigating him for zoning violations, bringing a criminal action against him that was not supported by probable cause, and seeking his recusal from Council matters involving her office by publicizing Plaintiff's alleged bias. Plaintiff presented evidence that (1) Carvalho was openly hostile to Plaintiff, Doc. No. 116-1, Pl.'s Decl. ¶ 4; (2) Carvalho investigated an anonymous complaint of a zoning violation on Plaintiff's property by reviewing a police report concerning Plaintiff's property and contacting the Director of the County Planning Department to determine whether Plaintiff had committed any zoning violations (even though misdemeanors were handled by junior prosecutors), Doc. No. 67-2, Carvalho Decl. ¶¶ 4, 6; Doc.

No. 116-14, Pl.'s Ex. 12; (3) Carvalho's office filed criminal charges against Plaintiff regarding these zoning violations, even though two of the charges were the result of a possible violation of Plaintiff's Fourth Amendment rights, Doc. No. 67-14, Carvalho Ex. J; Doc. No. 67-12, Carvalho Ex. H at 14-15 (Miyake informing deputy prosecutor of the manner of her investigation); (4) the criminal charges were dismissed against Plaintiff after Carvalho's office was removed from the case for a conflict of interest, Doc. No. 116-6, Pl.'s Ex. 4, Doc. No. 116-15, Pl.'s Ex. 13; and (5) Carvalho sought Plaintiff's recusal from Council matters regarding her office in light of the criminal charges against him, and further released a letter to the media seeking Plaintiff's recusal and outlining several alleged incidents with Plaintiff. Doc. No. 67, Carvalho CSF ¶¶ 16-17, Doc. No. 67-6, Carvalho Ex. B.

Whether or not this evidence establishes Plaintiff's claims (an issue the court need not decide), it shows that Plaintiff had at least some factual basis for his claims, and that they do not appear to be frivolous, unreasonable, or groundless. The court therefore finds that Carvalho would not be entitled to her attorneys' fees even if she prevailed at trial. As a result, proceeding in this action, where Plaintiff has been compensated and seeks dismissal with prejudice, would serve no purpose other than to feed the fire of Plaintiff's and Carvalho's public feud. Needless to

say, such purpose does not justify the expenditure of the parties' or the court's resources. The court will not be drawn into this continuing political feud.

## III. CONCLUSION

Based on the above, the court DISMISSES with prejudice Defendant Shaylene Iseri-Carvalho in her individual capacity. The parties shall bear their own fees and costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bynum v. Cnty. of Kauai et al.*, Civ. No. 12-00523 JMS/RLP, Order Dismissing with Prejudice Defendant Shaylene Iseri-Carvalho, in Her Individual Capacity